## J. C. GALT ET AL. v. JAMES SMITH.

APPEAL BY PLAINTIFFS FROM THE COURT OF COMMON PLEAS
OF ADAMS COUNTY.

Argued June 1, 1891—Decided October 5, 1891.

(*a*) A husband gave to plaintiffs, trustees for his wife and her children, a bond for a certain amount, conditioned that he pay the interest to his wife, or to the plaintiffs in trust for her, annually during her life, and on her death the principal to her children. No interest having been paid, the plaintiffs brought suit therefor.
1. Either at law, or in equity, the wife was the sole owner of the interest on the fund, and she might do with it as she pleased. Evidence of positive and definite declarations of the wife, ante motam litem, were admissible, and sufficient to show, in defence of the action, that she had made a gift of the interest to the defendant.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 12 May Term 1891, Sup. Ct.; court below, No. 72 November Term 1889, C. P.

To the number and term of the court below, "James C. Galt and Samuel Galt, in trust," brought assumpsit against James A. Smith. Issue.

At the trial on November 17, 1890, the plaintiffs gave in evidence a bond dated April 5, 1881, executed by James A. Smith, the defendant, to "James C. Galt and Samuel Galt, trustees for Sophia Smith and her children," in the sum of $6,926.50, conditioned that if said James A. Smith, "shall well and truly pay, or cause to be paid unto Sophia Smith, wife of said James A. Smith, or to said James C. Galt and Samuel Galt in trust for her, the interest on the sum," of $3,463.25, annually during her natural life, "and at her decease shall pay or cause to be paid the said principal sum " to her children, etc., then the obligation to be void. The plaintiffs, showing also that said bond was secured by a mortgage of the obligor of even date therewith, rested.

The defendant, under objection and exception to the plaintiffs,[1] adduced the testimony of witnesses, among whom were

Charge of Court below.

James C. Smith and Mary Helterbrick, a son and daughter of the defendant and Sophia Smith, as to declarations of Mrs. Smith to the effect that she had released her husband from the payment of interest on the bond in suit, and that the interest was to be applied and was applied toward the maintenance of the family. The nature of these declarations is sufficiently shown in the opinion of the court. It seemed that Mrs. Smith was still living, but had become an invalid, physically and mentally; and this suit was brought to recover the interest due on the bond.

The case being closed on the evidence, the court, McCLEAN, P. J., charged the jury in part as follows :

Now, gentlemen, it is entirely competent for a wife to give her money to her husband. It is entirely competent for a wife to forgive a debt owing to her by her husband, or to direct the application of it, the use to be made of it. If you believe from the testimony of these three witnesses, the sister of the defendant, the son of the defendant, and the daughter of the defendant, that the wife abandoned all claim upon her husband for the payment of this interest, your verdict should be for the defendant. This suit was brought October 15, 1889, claiming some eight years' interest, running from April 5, 1882, when the first payment would be due; eight annual payments. It is your province to pass upon the credibility of these witnesses, the testimony to the contrary being in the papers, the deed and the mortgage, offered by the plaintiffs seeking to recover the interest. If you believe from this parol testimony, in the absence of any receipts or agreement in writing; if you believe from the mouths of these three witnesses that all claim was given up, under the circumstances as stated by the witnesses; that the money had been used in paying debts of the husband or put in the property, and that the wife was satisfied to enjoy the living there with her husband; that he was not to pay this interest which was provided for in the bond, and she did not look to him for the payment of it,—if you believe this testimony, your verdict should be for the defendant; if not, for the plaintiffs.

Of course, there is nothing in the evidence that will impair the force of the obligations. The defendant is bound by the

bond that he signed on the fifth of April, 1881. The question is, what was done afterward in relation to the payment of interest? Did the wife direct that the family was to have the benefit of it along with herself; that it was to be consumed in the family, and that she did not require the payment of the interest? That is the case, as submitted to you by the parties.

If you find for the plaintiffs it will be the amount of eight years' interest. If you find according to the testimony offered by the defendant, your verdict will be simply "for the defendant."

The plaintiffs have asked us to instruct you: .

1. That under all the evidence in the case, the plaintiffs are entitled to recover the amount of their claim, as set out in their statement.

Answer: We refuse to affirm this point, and submit the evidence to you.[2]

—The jury returned a verdict in favor of the defendant. Judgment having been entered, the plaintiffs took this appeal, assigning for error:

1. The admission of the defendant's offer.[1]

2. The answer to the plaintiffs' point.[2]

*Mr. David Wills*, for the appellants.

As to the admission of the loose declarations of the wife, and the effect to be given to them, counsel cited: Sandford v. Decamp, 8 W. 542; Snyder v. Snyder, 6 Binn. 483; Jones v. McKee, 3 Pa. 496; Bitner v. Boone, 128 Pa. 567; Parry v. Parry, 130 Pa. 94; Sutherland v. Ross, 140 Pa. 379; Yost v. Mensch, 141 Pa. 73.

*Mr. S. McSwope* (with him *Mr. D. McConaughy*), for the appellee.

Counsel cited: May v. May, 62 Pa. 206; Hamill's Est., 4 W. N. 404; Mann's App., 50 Pa. 375; Bardsley's Est., 7 W. N. 48 (13 Phila. 222); McGlinsey's App., 14 S. & R. 185; Naglee v. Ingersoll, 7 Pa. 185; Early v. Rolfe, 95 Pa. 58, 61; Towers v. Hagner, 3 Wh. 48, 57; Mellinger v. Bausman, 45 Pa. 522, 529; Hinney v. Phillips, 50 Pa. 382; McArthur's Est., 16 Phila. 403; Powell's App., 98 Pa. 403, 413; Kerr's App., 104 Pa. 282, 287; Johnston v. Johnston, 31 Pa. 450;

Grabill v. Moyer, 45 Pa. 530 ; Bachman v. Killinger, 55 Pa. 414; Young's Est., 65 Pa. 101.

OPINION, MR. JUSTICE GREEN :

This action was brought to recover arrears of interest upon a bond given by the defendant to the plaintiffs in trust for the defendant's wife. By the condition of the bond the interest was to be paid either to the wife of the defendant, or to the plaintiffs as trustees for her; the principal was to be paid to her children after her death. According to the express terms of the condition, a payment to the defendant's wife would have been a perfectly good payment, relieving the defendant from any liability to the plaintiffs. Even if the interest had been paid to the plaintiffs, they would have been bound to pay it over to the defendant's wife. Either at law or in equity, the wife was the sole owner of the interest. It cannot be disputed, therefore, that she had the sole control over the interest, and might do with it as she pleased.

On the trial, considerable testimony was given by the defendant to show that his wife had given him the interest, and relieved him from the payment of it. One of her daughters testified that she said it was to be consumed in the family. The evidence, while it consisted of declarations of defendant's wife, was extremely positive in its character. It extended back to the time when the bond was given, and it came from her sister-in-law and her own children. The learned court below left to the jury the question of fact, whether the defendant's wife had given up all claim to the interest on the bond from her husband, and directed them, if they found this to be the fact, to find a verdict for the defendant. The jury found a verdict for the defendant, and thereby determined this fact in his favor. Under the evidence, they could not have done otherwise. The proof was most emphatic and precise. It did not consist of mere loose and indefinite declarations, nor was there any weakness or uncertainty in the testimony. Mrs. Helterbrick, a daughter of Mrs. Smith, said: "I heard mother tell father that he should give the mortgage, and that there would be no interest at all paid on it. She said the interest would be consumed in the family. Q. Was that afterwards? A. That was before; and afterwards I also heard

her say that there was no interest to be paid, and that it was
consumed in the family. Q. Who did she say was to pay no
interest? A. She said father was to pay no interest; it was
consumed in the family. Q. Did she speak of it once or often?
A. She spoke of it often." The court directed the jury to
disregard what was said before the bond was executed, but the
witness repeated the substance of what she had said before the
bond was given as having been said many times after it was
given. She especially testified that her mother repeatedly
declared that her father was to pay no interest, that it was to
be consumed in the family; and continued saying so " as long
as her mind was correct." The son of Mrs. Smith was almost
equally as explicit and positive. There was no uncertainty
about the testimony. It related to this very bond, and the
mortgage given to secure it, and it was most emphatic to the
effect that his father was to pay no interest. It is unnecessary
to repeat the testimony. It is entirely satisfactory upon the
point in question, and it has been followed by the verdict of
the jury finding the fact distinctly.

This leaves only a question of law, whether it is competent
for a wife to release her husband from the payment of interest
due from him to her. As to that question, there can be no
controversy. The authorities go further than that, and hold
that in some circumstances the law will presume a surrender
of the interest, without distinct proof of an actual surrender.
But, as the proof here was so positive, it is not necessary to
discuss that class of cases. It has been ruled many times that
a wife may do as she pleases with her income, and of course
she may give it to her husband if she chooses.

Judgment affirmed.