## Yocum's Estate.

*Husband and wife—Loan by wife to husband—Bond to trustee—Act of April 15, 1851, P. L. 669—Presumption of payment.*

Where a wife has loaned money to her husband, who has given a bond to a trustee to secure the repayment of such money, under the Act of April 15, 1851, P. L. 669, the transaction assumes the form of a contract equally binding on both parties, and is, like other contracts, subject to the statute of limitations and the presumption of payment. Where, therefore, such a bond, which has been due more than twenty years, is presented against the estate of a husband by the executor of the wife's estate, the presumption of payment applies, and in the absence of evidence to rebut it, the claim will be disallowed.

Argued April 19, 1913. Appeal, No. 379, Jan. T., 1912, by William P. King, Executor of the last will and testament of Annie K. Yocum, deceased, from decree of O. C. Lancaster Co., May T., 1912, No. 64, dismissing exceptions to adjudication in Estate of Jesse Yocum, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication. Before SMITH, P. J.

The opinion of the Supreme Court states the facts.

The court denied a claim presented against the estate of Jesse Yocum, deceased, by William P. King, as ex-

ecutor of Annie Yocum, widow of decedent.   Exceptions were filed and dismissed.   The executor appealed.

*Errors assigned* were in dismissing the exceptions.

*Charles E. Workman* and *John A. Coyle,* with them *William H. Keller,* for appellant.

*John E. Malone,* with him *Amos E. Burkholder,* for appellee.

Opinion by Mr. Justice Brown, June 27, 1913:

On June 2, 1875, Jesse Yocum executed his bond, with a warrant of attorney attached, for $2,000, payable one year after date, to Stephen Coates, as trustee for his wife, Ann Yocum.   This was to secure what he admittedly owed her.   They lived together until his death— October 10, 1896—more than twenty years after the maturity of the bond.   Yocum devised his farm to his wife for life, with the privilege of borrowing on it by bond or mortgage a sum not exceeding $1,000, in case the net proceeds from it should be insufficient for her support when disabled or sick for a prolonged time.   His surviving executor was directed to sell the farm upon the death of his wife, and the proceeds were bequeathed to certain collateral relatives.   Mrs. Yocum resided on the property until her death—May 31, 1911.   She left a will, naming William P. King as her executor, to whom letters testamentary were granted June 6, 1911.   In the following month he took out letters of administration d. b. n. c. t. a. on the estate of Jesse Yocum, Jacob K. Brown, co-executor with Mrs. Yocum, having died. King, as administrator of the husband's estate, sold the farm under the power contained in the testator's will, and subsequently, as executor of the wife's will, presented for allowance, at the audit of his administration account, the bond given by Jesse Yocum to Stephen Coates as trustee for Mrs. Yocum.   This claim was dis-

allowed on the adjudication of the administration account, on the ground that the farm had continued real estate until it was sold, and, as the bond given to the trustee had not been made a lien upon it within two years from the testator's death, as required by the Act of June 8, 1893, P. L. 392, the proceeds of the sale passed to the legatees discharged from all liability for the payment of the obligation. In dismissing exceptions to the adjudication, the court below, after reaffirming that there had been no equitable conversion of the farm devised by Yocum to his wife for life, based the disallowance of the claim of her executor on the additional ground that, though there was no legal presumption of payment, because less than twenty years had elapsed since the husband's death, a presumption had arisen, "from facts and circumstances inconsistent with the idea that the debt had not been cancelled." In the second ground we cannot concur, and whether there was an equitable conversion of the farm is an immaterial question, in view of the real ground upon which appellant's claim should have been disallowed.

The bond was not given directly to the wife. It was given to Stephen Coates as trustee for her, to secure the repayment of money lent to the husband out of her separate estate, and, by Section 22, of the Act of April 15, 1851, P. L. 669, it was "as good and valid in law against the estate of the husband as though the same (the money) had been invested by a trustee appointed by the court." By the Act of 1851 a married woman is expressly authorized to loan her husband money belonging to her separate estate and secure herself by a judgment or mortgage taken in the name of a trustee for her use: Hallowell v. Horter, 35 Pa. 375. "The 22d section of that act, in express terms, makes it lawful for her to do so, and provides that she may take as security therefor a judgment or mortgage against his estate in the name of a third person, who shall act as trustee for her. The authority thus given to lend money of her separate es-

tate, through the intervention of a trustee, implies the power to arrange the terms of the loan and provide when and how the principal shall be repaid, and whether with or without interest. When the power thus conferred is freely and voluntarily exercised, the transaction necessarily assumes the form of a contract, binding equally on both parties:" Flattery v. Flattery, 91 Pa. 474. If a loan made by a married woman, in the way in which Mrs. Yocum lent her money to her husband, "assumes the form of a contract," as it certainly does, and "is binding equally on both parties," as it surely is by the express words of the act, why is it not subject, like other contracts, to the statute of limitations and the presumption of payment? Yocum did not contract directly with his wife, but with a third person as trustee for her, and the bond given to the trustee was "as good and valid in law" against the obligor's estate "as though the investment had been made by a trustee appointed by the court." If these words of the Act of 1851 mean anything, it is that a trustee named in an obligation given by a husband can enforce payment upon its maturity, for such would be the unquestioned right if the wife's money should be invested by a trustee appointed by the court. That there was a right in Coates as trustee to collect the bond by an action at law, if it had not contained a warrant of attorney for the confession of judgment, is recognized in Galt v. Smith, 145 Pa. 167, where the action was by a trustee named in a bond, the condition of which was that the husband should pay interest on a certain sum to his wife annually during her life. In the present case nothing was to be paid directly to Mrs. Yocum, but the entire sum of $2,000, with interest, was payable to Coates, trustee, one year after the date of the bond. With the right in the trustee to enforce payment of the bond by proceedings at law, there was a corresponding right at law in Yocum to make defense to it, and whatever defense he might have made while living is now open to his legatees: Hoch's App., 21 Pa. 280;

Ritter's App., 23 Pa. 95. When Yocum died a presumption of payment of the bond had arisen. Time had written a receipt across its face, and, with no evidence to rebut this, the court below should have declared it paid in the eye of the law. The failure to do so was a failure to give effect to the manifest intention of the legislature as expressed in the Act of 1851—that the loan of the wife's money to Yocum, through Coates as trustee, had assumed the form of a contract, enforcible at law by the latter, with a reciprocal right of defense in the former, whether the wife was living or dead when the right to collect accrued. The Act of 1851 is now so construed, and the decree below is affirmed at appellant's costs.