PAGE COUNTY, Appellee, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, Appellant.

DECEMBER 13, 1927.

PETITION FOR REHEARING WITHDRAWN MARCH 13, 1928.

*Stipp, Perry, Bannister & Starzinger,* for appellant.

*Paul L. Millhone,* for appellee.

EVANS, C. J.—I. The bond sued on contained the following provision:

"Fifth: That no suit, action or proceedings shall be brought or instigated against the 'surety' upon or by reason of any de-

fault of the 'principal' until after the expiration of sixty days after such default, or in no event after the expiration of ninety (90) days after such default.''

The plaintiff having failed to bring its action within the period hereby stipulated, it is contended that the action is barred by the limitation of the contract.

The right of parties to a contract to stipulate for a reasonable limitation of time for the bringing of action thereon has been frequently recognized in many jurisdictions, including our  own. The right thus recognized originated at common law, and antedates statutes of limitation. In recognizing such right of contract, the courts have usually imposed a condition that it must be reasonable in its time limitation. Our own cases on the subject are the following: *Stout v. City Fire Ins. Co.*, 12 Iowa 371; *Carter v. Humboldt Fire Ins. Co.*, 12 Iowa 287; *Moore v. State Ins. Co.*, 72 Iowa 414; *Farmer's Co-op. Cream. Co. v. Iowa State Ins. Co.*, 112 Iowa 608; *Bartlett & Kling v. Illinois Sur. Co.*, 142 Iowa 538, 548; *Matheson v. Iowa State Trav. Men's Assn.*, 180 Iowa 1019.

It is the first contention of the appellee that Section 8986 of the Code of 1924 is controlling herein, and that such section forbids the contractual limitation herein contended for. Such section is as follows:

''The nature of loss and proof thereof required in Section 8978, and the notice and proof of loss under oath in case of insurance on personal property, shall be given within sixty days from the time loss occurred, and no action for such loss shall be begun within forty days after such notice and proofs have been given to the company, nor shall the time within which action shall be brought be limited to less than one year from the time when a cause of action for the loss accrues. No provisions of any policy or contract to the contrary shall affect the provisions of this and the ten preceding sections.''

On the other hand, the appellant contends that the right to contract for such limitation is implied by the provisions of Section 12768, Code of 1924, which is as follows:

''Such company or corporation may be released from its liability as such surety on any bond on the same terms and conditions, and in the same manner, as is by law prescribed for the

release of natural persons as such sureties; it being the intent of this chapter to enable companies created, incorporated, or chartered for such purposes to become surety on bonds required by law, subject to all the rights and liabilities of natural persons.''

We think that neither section is available for the purpose to which it is cited. The ground of decision by the trial court is not indicated in the record.

It is further insisted by the appellee that the provision relied on is an unreasonable one. We are of the opinion that this contention must be sustained.

In our previous cases, cited above, we have sustained the reasonableness of a six-months period of limitation. We have had no occasion to pass upon the reasonableness of any shorter period, except in *Cook v. Heinbaugh*, 202 Iowa 1002. The proviso under consideration forbids an action for 60 days after default; and likewise forbids an action after the expiration of 90 days from the date of default. This brings upper and nether millstones into close proximity. It reduces the period of limitation to 30 days. This comes very close to an abrogation of the right of action. If the period of limitation can ever be deemed an unreasonable one, this one must be deemed such. We so hold, and sustain the judgment below on such ground. See *Cook v. Heinbaugh*, above cited.

II. There is another feature of this record which should be mentioned, by way of precaution. The bond in question is a statutory bond, given pursuant to Sections 7405 and 7406, Code of 1924. The conditions of the bond are specified broadly in the statute. In our previous cases, the contracts under consideration have been private contracts, usually between insured and insurer. The parties to the contract were under no disability, nor subject to statutory limitation.

Whether the recognition extended to this right of contract in the cited cases is applicable to a statutory bond; whether any official had authority to permit or acquiesce in such a contractual provision in the statutory bond; whether a proviso which renders the surety non-suable for 60 days after the principal becomes suable is a compliance with the requirements of Sections 7405 and 7406, are questions which are reserved from the discussion, and upon which we intimate no opinion. This precautionary

statement is made only to avoid any implication which might arise from the fact that we predicate decision upon the question of unreasonableness. In view of our conclusion that the proviso is unreasonable, even as between parties to a private contract, we have no occasion to consider any other question.

The judgment of the trial court is, accordingly,—*Affirmed.*

DE GRAFF, ALBERT, MORLING, and WAGNER, JJ., concur.