## Southern Fireproofing Co. v. United States Fidelity & Guaranty Co. of Baltimore

*Thomas D. Caldwell*, of *Caldwell, Fox & Stoner*, for plaintiff.

*F. Brewster Wickersham*, of *Metzger & Wickersham*, and *Frank L. Pinola*, for defendant.

Fox, P. J., March 24, 1941.—In this case the pleadings show that plaintiff was a subcontractor under Alaimo & Son, general contractors, with whom the General State Authority had a written contract for certain build-

ing construction, and in accordance with the said contract a surety bond was given by defendant providing, inter alia, that all labor and material not paid for by the general contractor would be paid by the surety. Plaintiff at the request of the general contractor finished certain labor and furnished certain material and claims a balance still due thereon, for which it has brought the suit.

The General State Authority Act of June 28, 1935, P. L. 452, as amended by the Act of June 15, 1939, P. L. 379, 71 PS §§1707-11, inter alia, provides, in section 6, as follows:

"All construction contracts shall provide, among other things, that the person or corporation entering into such contract with the Authority will pay for all materials furnished and services rendered for the performance of the contract, and that any person or corporation furnishing such materials or rendering such services may maintain an action to recover for the same against the obligor in the undertaking as though such person or corporation was named therein, provided the action is brought within one year after the time the cause of action accrued."

To plaintiff's statement of claim, defendant filed an affidavit of defense raising a question of law, averring that the statement of claim is not sufficient in law for the following reasons:

"The suit was not brought within one year from the date when the cause of action accrued. The action being brought on January 3, 1940, and the exhibits E, F, G, and H of plaintiff's statement show that the cause of action accrued more than one year prior to said date. Defendant, therefore, respectfully requests the court to hear and dispose of the question of law so raised in accordance with the provisions of section 20 of the Practice Act of 1915, and moves for judgment in its favor."

The contention of plaintiff is that the ad damnum clause of plaintiff's statement of claim sets forth that interest is due from March 31, 1939, and that, therefore, the

cause of action did not arise until that date and that the suit was brought within one year from that time; further, that the affidavit of defense as adopted by defendant is not a proper procedure and that the question of the statute of limitations must be set forth in an answer on the merits and not in a preliminary affidavit of defense raising questions of law.

The provision in section 6 of the act relating to the State Authority, supra, viz: "provided the action is brought within one year after the time the cause of action accrued"; is akin to the statute of limitations in an action in assumpsit and it has constantly been held that the statute of limitations is a defense which must be rested upon facts and must be pleaded; it cannot be raised by a demurrer. In Eshenbaugh's Estate, 114 Pa. Superior Ct. 341, 347, the court said:

"It is the undoubted rule that the statute of limitations must be pleaded in bar of a claim. It is not a defense of which the court will take judicial notice, nor will a demurrer to a statement, or question of law in lieu of a demurrer, be sustained because the statement, on its face, shows a claim over six years old: Barclay v. Barclay, 206 Pa. 307, 55 A. 985; Kittera's Est., 17 Pa. 416, 423; Claghorn's Est., 181 Pa. 600, 37 A. 918." See also First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485, 489.

To sustain the affidavit of defense raising questions of law would result in a termination of the case. It may be that, upon the trial of the case, the time of the accruing of the action will be, as plaintiff contends, on the 31st day of March, 1939, as set forth in plaintiff's statement when it is alleged the interest began to run. An affidavit of defense raising questions of law should not be sustained unless the right is clear. See Jackson v. The State Mutual Benefit Society, 95 Pa. Superior Ct. 56, 61, wherein it is said:

"Where an affidavit of defense raises questions of law, it is but a statutory demurrer, upon the hearing of which

the only point to be decided is whether or not, on the facts averred in the statement, it clearly appears as a question of law that plaintiff is not entitled to recover . . ."

Wherefore, we are of the opinion that the affidavit of defense raising questions of law should be overruled.

And now, March 24, 1941, upon due consideration, the affidavit of defense raising questions of law is hereby overruled and defendant is given 15 days from the date of filing this opinion to answer on the merits.