## Harmony Twp. School Dist. v. United States F. & G. Company

548

*Rowley & Smith,* for plaintiff.
*Reed & Ewing,* for defendant.

McCREARY, J., May 15, 1945.—In the above-entitled case, defendant, United States Fidelity & Guaranty Company, filed an affidavit of defense raising questions of law as to the sufficiency of the statement of claim filed by plaintiff, School District of Harmony Township, and requested the court to enter judgment for defendant barring plaintiff from having and maintaining its action against defendant.

It appears from the pleadings filed by plaintiff that on July 5, 1941, plaintiff entered into a written contract with one F. F. Winters, trading as Butler Motor Coach, for the transportation of the school children in Harmony Township for three years commencing with

the school year 1941-42, and ending with the school year 1943-44. On the same day, the said Winters, as principal, and United States Fidelity & Guaranty Company, as surety, executed and delivered a performance bond to plaintiff. The statement of claim further alleges that Winters' performance of the contract was so unsatisfactory that on January 27, 1942, the Board of School Directors of Harmony Township declared Winters in default and, pursuant to paragraph 3 of the performance bond, called upon defendant surety company either to complete the contract itself or to procure someone to do so. It further appears from the statement of claim that negotiations were entered into between plaintiff and defendant surety company, and that they extended over a period of months and ended in May 1942, when defendant company notified the school directors that it could not obtain anyone to perform and that it was not in a position to do so itself. Thereupon the school board was compelled to purchase buses for the transportation of the school children and to perform the balance of the contract itself, keeping accurate accounts of the expenses involved in completing the contract. The statement of claim further alleges that at the end of the school year 1943-44, an itemized statement of the cost of operation of the buses was prepared and presented to defendant company for payment, on or about June 30, 1944, culminating in a number of conferences between plaintiff and defendant with a view to getting defendant company to pay. From June 30th up to and including October 19th, representatives of plaintiff and defendant met in conference for the purpose of ironing out points of disagreement as to the amount required to be paid to make plaintiffs whole; such that on October 19th negotiations were broken off because the parties could not reach an agreement. The next day, October 20, 1944, plaintiff entered suit by filing a præcipe for a writ in an action

of assumpsit in the prothonotary's office. The statement of claim was filed December 21, 1944.

Attached to plaintiff's statement of claim is a copy of the performance bond, executed by Winters, as principal, and United States Fidelity & Guaranty Company, as surety, the obligee therein being the School District of the Township of Harmony. There is also attached to the statement of claim a copy of the contract between Winters and the school district. The contract between Winters and the school district contained the following provision:

"19. This agreement shall terminate on the 5th day of July, 1944, unless terminated earlier for cause or by mutual consent of the parties hereto."

The performance bond contained the following provision:

"4. That in no event shall the Surety be liable for a greater sum than the penalty of this Bond, or subject to any suit, action or other proceeding thereon that is later than the 5th day of July, A. D. 1944."

In the affidavit of defense raising questions of law, defendant calls the attention of the court to paragraph 19 of the contract and paragraph 4 of the performance bond, and suggests to the court that "the above entitled action is barred by the contractual limitation set forth in paragraph (4) of the aforementioned bond."

At the oral argument which was had before the court in banc, and in the briefs filed by both parties, the questions involved in the case were briefly stated to be as follows:

"A. Can the question of legal effect of the contractual limitation of action contained in the bond be raised by an affidavit of defense raising questions of law?

"B. Should judgment be entered for the defendant on a statutory demurrer except in clear cases?

"C. Is the contractual limitation contained in the performance bond reasonable which provides that no

suit shall be maintained which was filed later than the last day in which the contract is in force?

"D. May a contractual limitation contained in a performance bond given by a surety company be waived by the company?

"E. Was the contractual limitation of action contained in the performance bond waived in this case?"

We are of the opinion that the question of law raised by defendant in its affidavit of defense must be determined adversely to it, and the statutory demurrer must be overruled.

### Question "A"

It is fundamental in Pennsylvania that the question of a limitation of the right to institute an action goes to the merits of the case and cannot be raised except by an affidavit of defense to the merits. The leading case under the Practice Act of 1887 is Barclay v. Barclay, 206 Pa. 307. The second headnote of that case reads as follows:

"The defense of the statute of limitations cannot be raised by demurrer either at common law, or under the practice act of May 25, 1887, P. L. 271."

The same rule is followed under the Practice Act of May 14, 1915, P. L. 483. In the case of Prettyman v. Irwin, 273 Pa. 522, the Supreme Court said (p. 525):

"Prior to the passage of the Act of 1915, it was held that the question, as to whether or not a plaintiff's claim was barred by the statute of limitations, could not be raised by demurrer (*Heath v. Page*, 48 Pa. 130; *Barclay v. Barclay*, 206 Pa. 307); that act does not add new subjects which can thus be preliminarily decided, but provides only that matters of law, which could theretofore be so raised, must thereafter be alleged in the affidavit of defense, which, in this respect, is simply a statutory demurrer: *Hutchinson Baking Company v. Marvel*, 270 Pa. 378. For this reason the Superior Court correctly decided, in a suit commenced since the

passage of the act, that it would not be dismissed, as a matter of law, because the record showed it was begun after the period fixed by the statute: *Carter v. Vandegrift*, 74 Pa. Superior Ct. 26. A fortiori the same conclusion must be reached in proceedings like the present, where the statute is applied by analogy only."

In the case of Estate of Lewis H. Eshenbaugh, 114 Pa. Superior Ct. 341, the Superior Court said (p. 347):

"It is the undoubted rule that the statute of limitations must be pleaded in bar of a claim. It is not a defense of which the court will take judicial notice, nor will a demurrer to a statement, or question of law in lieu of a demurrer, be sustained because the statement, on its face, shows a claim over six years old: *Barclay v. Barclay*, 206 Pa. 307, 55 A. 985; *Kittera's Est.*, 17 Pa. 416, 423; *Claghorn's Est.*, 181 Pa. 600, 37 A. 918."

In the case of Megargee Bros. v. D. L. & W. R. R. Co., 27 Lacka. 30, Judge Maxey (now Chief Justice Maxey) said (p. 32):

"In the case before us the limitation is not a limitation by law but a limitation by contract. It is very clear that a limitation by contract is a matter of substantive defense and not a matter that can be taken advantage of by demurrer."

To the same effect is Commonwealth, to use, v. St. Paul Mercury Indemnity Company of St. Paul, 27 D. & C. 714 (syllabus):

"A limitation by contract is a matter of substantive defense which must be raised by an affidavit of defense on the merits and cannot be taken advantage of by an affidavit of defense raising questions of law."

It follows from the cases just cited that the question of a contractual limitation of action cannot be raised by statutory demurrer. This must be especially true when the provision in the contract may be waived and the question of waiver is usually a question of fact for the jury.

It is true that in 4 Pa. Standard Practice 72, §58, the rule as to the pleading of a contractual limitation is stated as follows:

"Where it is apparent on the face of the statement of claim that the plaintiff's action is barred by contractual limitation, such defense may be raised by a statutory demurrer under §§ 4 and 20 of the Practice Act of 1915."

But the cases cited as authority for that statement do not bear it out. We are of the opinion that the decision of Judge Maxey in the case of Megargee Bros. v. D. L. & W. R. R. Co., supra, as well as the case of Commonwealth, to use, v. St. Paul Mercury Indemnity Company of St. Paul, supra, correctly decide that the question of a contractual-limitation contained in a performance bond cannot be raised by a statutory demurrer. It is an affirmative defense, and must be pleaded in an affidavit of defense.

### Question "B"

Judgment for defendant on a statutory demurrer should be entered only in clear cases. In the case of Rhodes v. Terheyden et al., 272 Pa. 397, the headnote reads as follows (p. 398):

"8. Where a doubt exists as to whether or not summary judgment should be entered, this should be resolved in favor of refusing to enter it."

In the case of City of Philadelphia v. Holmes Electric Protective Company, 347 Pa. 69, the court said (p. 73):

"It is well settled that plaintiff shall not have judgment for want of a sufficient affidavit of defense and that a defendant shall not have judgment on a statutory demurrer unless the case is clear: *Rhodes v. Terheyden*, 272 Pa. 397, 401, 116 A. 364. The reason for the rule is that a party shall not be deprived of jury trial where essential facts are in dispute."

This proposition of law is conceded by defendant in its brief.

## Question "C"

Paragraph 19 of the contract between the school district and Winters reads as follows:

"This agreement shall terminate on the 5th day of July unless terminated earlier for cause, or by mutual consent of the parties hereto."

The fourth paragraph of the bond executed by defendant reads as follows:

"That in no event shall the surety be liable to any suit action or other proceeding thereon that is instituted later than the 5th day of July, A. D. 1944."

Thus it appears that no time whatsoever was allowed between the termination of the contract and the last date for entering suit. Plaintiff could not know the extent of the damage until the last day of the school term, 1943-44. On the bond itself, limiting the liability of the surety to actions instituted not later than July 5, 1944, no time whatsoever was allowed to the school district for determining the amount of its loss, for negotiating with defendant company, or for deciding whether or not to enter suit.

The case of Page County v. Fidelity & Deposit Company of Maryland, 205 Ia. 798, 216 N. W. 957 (Supreme Court of Iowa), was an action on a depository bond. The bond itself provided that no action should be brought until after the expiration of 60 days after default or after 90 days from default. It was held that the limitation was void as being unreasonable. The court said (p. 800):

"This brings upper and nether millstones into close proximity. It reduces the period of limitation to 30 days. This comes very close to an abrogation of the right of action. If the period of limitation can ever be deemed an unreasonable one, this one must be deemed such."

The court in this case raised the question, but did not decide it, as to whether or not municipal officials could bind the county by the acceptance of such a bond.

The case of Gelderman v. Dollar Steamship Lines, Ltd., 41 F. (2d) 398, was an action to recover for large amounts of cocoanut oil shipped from Manila to New York. A motion was made to dismiss on the ground that suit was not brought within 30 days after filing the claim in writing, as provided in the bill of lading. The bill of lading provided that no action would lie unless a written claim be filed within 90 days after issuance of the bill and unless suit be entered within 30 days after filing the claim. The motion was denied. The court held: (1) The power of the court, in a proper case, to excuse compliance with an unreasonable requirement in a bill of lading is undoubted; (2) the reasonableness of any contractual limitation of the period within which suit must be brought is a question of law. The court said (p. 399):

"I have been referred to no authority, nor have I been able to find any reported case, which holds that a 30-day limitation within which to institute suit is reasonable under the conditions surrounding plaintiff's claim."

In The President Polk, 43 F. (2d) 695, the court said (p. 698):

". . . thirty or forty days appears to us no more than a trap to get rid of inconvenient claims. The carrier needs no such protection; his defense is not imperilled, if he is not sued within a month. On the other hand, that is a very short period for the shipper to prepare suit, and to bring it perhaps many miles away. How short a limitation would be valid, whether a year or even six months, is another matter; the suit at bar was brought substantially within three months. Surely that was not an unreasonable delay."

It clearly appears from the foregoing authorities that any contractual limitation, to be valid, must be reasonable. In other words, plaintiff must be given a reasonable length of time to assemble all the facts and to enter suit.

In any event, we have not found any case from any jurisdiction, or under any circumstances, which holds that a 30-day limitation is reasonable, or that a limitation restricting the obligee to commencing suit on or before the last day for performance is reasonable.

Certainly, assuming the allegations of fact set forth in plaintiff's statement to be true, as we are bound to assume them in deciding a statutory demurrer, the questions of law raised by defendant must be decided adversely to it in view of the claim of plaintiff that negotiations for payment, or satisfaction, were taking place between plaintiff and defendant up to the day before suit was brought; and that they were thus induced to delay bringing suit within the period fixed by the policy. In his brief of argument, defendant's counsel insists that plaintiff was not lulled into security by these negotiations because "neither party knew of the existence of the contractual limitation until after suit was brought". That is a question of fact that must be decided by a jury.

### Questions "D" and "E"

It is well settled that a time limit contained in the contract for the bringing of an action may be waived by the parties. 14 R. C. L. 1423 §584:

"A condition in an insurance policy that a failure to bring suit within a certain time after loss shall preclude a recovery is a contract, and not a statute of limitations, and may be waived by the insurer, or he may be estopped by his acts from insisting upon its enforcement. Such waiver need not be in writing, but may arise from such a course of conduct upon the part of the company as will equitably estop it from pleading the prescribed limitation in bar of a suit by the insured. An insurance company cannot hold out the hope of an amicable adjustment of the loss, and thus delay the action of the insured, and then plead the delay, caused by its own conduct, as a defense to the action when

brought. Accordingly a request by the insurer for delay, or a request for further proofs which it knows cannot be furnished until after the limitation period has expired, is a waiver of the limitation."

In the case of McMeekin v. Prudential Insurance Company of America, 348 Pa. 568, the Supreme Court said (p. 572):

"If in the course of the negotiations the company gave the plaintiff reasonable grounds for believing that the time limit would be extended or that such provision would not be strictly enforced, it could not subsequently insist on its strict enforcement without giving him a reasonable time thereafter to bring his action: *Sudnick v. Home Friendly Insurance Company*, 149 Pa. Superior Ct. 145, 153, 27 A. 2d 468. 'If the company acted, and promised, after the action was legally barred, as if it did not intend to insist on the limitation, and put the party to trouble, expense and anxiety in regard to his claim, they need not complain of a jury finding that they did waive it. Under such circumstances, juries will be very likely to do so; and sometimes, probably, on pretty slight evidence. There is a long line of cases which hold that the waiver need not be express. It may be inferred from the acts of the insurers evidencing a recognition of liability, or even from their denial of obligation exclusively for other reasons': *Bonnert v. Pennsylvania Insurance Company*, 129 Pa. 558, p. 563, 18 A. 552. 'Prima facie, the insured is entitled to have his loss made good immediately upon its happening, and when that loss appears to be an honest one, we are not disposed to scan very strictly the evidence which tends to rebut a technical forfeiture of the right to payment': *Pennsylvania Fire Insurance Company v. Dougherty*, 102 Pa. 568, 572. The insured had a right to rely on the representations of the authorized agents of the company sent to deal with them, and there was sufficient evidence from which the jury could properly

conclude that the company waived its right to bar any of the instalments which the insured was justly entitled to receive under his policy."

In connection with the question of waiver, we also have been aided by a reference to the annotation in 121 A. L. R. 758.

In the case of Nanty-Glo Borough v. American Surety Co., 316 Pa. 408, as well as in the case of Hempfield Township School District v. Cavalier et al., 309 Pa. 460, the court ruled that an insurer, or a surety, can waive a contractual limitation contained in an insurance policy, or bond, by its own conduct, and the court, in the latter case, stated as follows (p. 469):

" 'At the trial, the use-plaintiffs introduced abundant testimony to the effect that the general manager of the defendant company by his conduct and actions induced the use-plaintiffs to delay the institution of suit beyond the period of one year from the execution of the written contract with the school, so that in any event the use-plaintiffs would be entitled to recover, irrespective of the limitation in the policy. "It is true that, if negotiations for payment or satisfaction have taken place, thus inducing a delay in bringing suit within the period fixed by the policy, a recovery may nevertheless be had, since the claimant, under such circumstances, was prejudiced by the act of defendant:" *Watters v. Fisher et al.*, 291 Pa. 311 (139 A. 842).' "

Certainly, plaintiff is entitled to have a jury decide the question as to whether or not defendant waived the contractual limitation in the performance bond by the conduct charged to it by plaintiff in its statement of claim.