# Barclay, Appellant, *v.* Barclay.

*Practice, C. P.—Pleading—Statute of limitations—Amendment.*

The statute of limitations is a defense upon facts, and must be pleaded. It cannot be made by a demurrer which raises only an issue of law. It is not a defense absolute of which the court will take judicial notice on the plaintiff's presentation of his case, either in his declaration or at the trial, for if the defendant does not choose to make it, it is not a part of the case at all. And the only way the defendant can make it is by plea.

The defense of the statute of limitations cannot be raised by demurrer

either at common law, or under the practice act of May 25, 1887, P. L. 271.

In an action upon a promissory note brought six years after the expiration of the date of the note where the statement avers that the defendant has always refused to pay the note, and an amended statement filed by leave of court sets forth facts sufficient to remove the prima facie bar of the statute of limitations, it is error for the court to enter judgment for defendant on the amended statement on the ground of the inconsistency between the two statements. In such a case the amended statement is the only one before the court.

Argued Jan. 26, 1903. Appeal, No. 303, Jan. T., 1902, by plaintiff, from judgment of C. P. No. 1, Phila. Co., March T., 1901, No. 1258, on demurrer to statement in case of William K. Barclay v. John K. Barclay. Before MITCHELL, DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Demurrer to amended statement.

The record showed that the suit was brought on a promissory note for $6400 dated July 30, 1888. The writ issued April 1, 1901. In the original statement plaintiff averred "that the defendant has always refused to pay the amount of said note, or any part thereof." The defendant demurred on the ground that the statement showed upon its face that the action was barred by the statute of limitations. The court permitted an amended statement to be filed which contained the following averment:

The said promissory note was duly presented for payment at No. 407 Locust street and payment on the same duly demanded of a proper person according to the tenor of said note but payment thereon was refused.

And thereafter, at various times within six years of the time when this suit was brought, defendant admitted his liability to the plaintiff therefor and acknowledged to the plaintiff's agent that the above note was an existing indebtedness and that he was liable thereon to the plaintiff for the amount thereof with interest, but defendant has never paid the same or any part thereof, wherefore this suit is brought.

A demurrer to the amended statement was filed which the court sustained.

*Error assigned* was the judgment of the court.

*Henry Budd,* with him *George Gluyas Mercer,* for appellant.—
A demurrer can raise questions of law only, and the bar
of the statute of limitations is a question of fact; and to
permit such a defense to be raised by demurrer would violate
the purposes of the act of 1887, and every principle of plead-
ing, by requiring the pleading of anticipatory matter : Condon
v. Enger, 113 Ala. 233 (21 So. Repr. 227) ; Barringer v.
Warden, 12 Cal. 311 ; Bowman v. Mallory, 14 Ind. 424 ;
Matlock v. Todd, 25 Ind., 128 ; Sleeth v. Murphy, 1 Morris
(Iowa), 321 ; Zane v. Zane, 5 Kan. 134 ; Allen v. Word, 25
Tenn. 284 ; Boggs v. Bard, 2 Rawle, 102 ; Heath v. Page,
48 Pa. 130 ; Peck v. Whitaker, 103 Pa. 297 ; Gould v. Gage,
118 Pa. 559 ; Murdock v. Martin, 132 Pa. 86 ; Barr v. Mc-
Gary, 131 Pa. 401.

The learned court below erred in sustaining the demurrer
to the amended statement, and in entering judgment for the
defendant thereon, because the averments of the amended state-
ment were sufficient to remove the prima facie bar of the stat-
ute of limitations :   Yaw v. Kerr, 47 Pa. 333 ; Palmer v. Gil-
lespie, 95 Pa., 340.

The amended statement filed in the case at bar was filed as
a substitute for the statement originally filed and not as a mere
amendment to the latter.   It is complete in itself and does
not in any way refer to the original, or depend upon it to sup-
plement its allegations :   Gilman v. Cosgrove, 22 Cal. 356 ;
Jones v. Frost, 28 Cal. 245 ; La Societe Francaise v. Wied-
mann, 97 Cal. 507 (32 Pac. Repr. 583) ; McEwen v. Hussey,
23 Ind. 395 ; Kirkpatrick v. Holman, 25 Ind. 293 ; Specht v.
Williamson, 46 Ind. 599 ; Westerman v. Foster, 57 Ind. 408 ;
Thompson v. Toohey, 71 Ind. 296 ; Bates v. Kemp, 12 Iowa,
99 ; Seneca County Bank v. Garlinghouse, 4 How. Pr. (N. Y.),
174 ; Wells v. Applegate, 12 Oreg. 208 (6 Pac. Repr. 770) ;
Kay v. Fredrigal, 3 Pa. 221 ; Roderick v. B. & O. R. R. Co.,
7 W. Va., 54.

*W. B. Bodine,* with him *G. W. Pepper,* for appellee.—This
question has not been passed upon by this court; but now that
the plaintiff is required to file a concise statement of his de-
mand, he is required to aver the correct date of the accruing
of the action; and there is no reason why, if this date is more

than six years before the bringing of suit and there are any facts to take the case out of the statute, such facts should not be averred: Focht v. Reading Stove Works, 21 Pa. C. C. Rep. 524; Crawford v. Schaeffer, 22 Pa. C. C. Rep. 79.

It is submitted that, in the absence of mistake or some explanation, plaintiff cannot file an amended statement swearing to facts which are contradictory to the facts of his original sworn statement, which (if they existed) he must have known when he swore to the original statement denying their existence, and which he has since learned to be essential to his recovery: Hidell's App., 9 W. N. C. 212; Baker's App., 3 Atl. Repr. 766; Fyan v. Cessna, 10 Atl. Repr. 29.

If, then, a plaintiff may not, in the absence of mistake, swear in an amended statement to facts contradictory to the original statement; and if a plaintiff under "leave to amend" files an amended statement directly contradicting the averments of the original statement, it seems clear that the defendant need not go to trial upon the amended statement. It may be that his proper course is to move to strike the amended statement from the record.

OPINION BY MR. JUSTICE MITCHELL, May 25, 1903:

The procedure act of May 25, 1887, P. L. 271, introduced clumsy and unscientific methods into the legal statements of the parties, by the plaintiff of his cause of action and by defendant of his defense, but it did not go so far as to overturn and confuse the fundamental principles of pleading by requiring the plaintiff to set out his evidence or anticipate the defense.

The statute of limitations is a defense upon facts, and must be pleaded. It cannot be made by a demurrer which raises only an issue of law. It is not a defense absolute of which the court will take judicial notice on the plaintiff's presentation of his case, either in his declaration or at the trial, for if the defendant does not choose to make it, it is not a part of the case at all. And the only way the defendant can make it is by plea. A single illustration will suffice. At the trial the plaintiff might prove the signature of defendant, put the note in evidence and rest with a completed case. If defendant gave no evidence, the verdict must be for plaintiff without regard

to the date of the note. And if defendant had not pleaded the statute of limitations he could not make that defense. The act of 1887 has made no change in this respect. It is very notable that neither the court below nor the learned counsel for the defendant appear to have remembered that the act expressly recognizes the plea of the statute of limitations. Section 7, after providing that non assumpsit shall be the general issue, continues, " the defendant in the action of assumpsit shall be at liberty, in addition to the plea of non assumpsit, to plead payment, set-off, and also the bar of the statute of limitations." Under this provision, as at common law, the bar of the statute of limitations is not raised by the general issue, but must be specially pleaded. The act directed that " special pleading is hereby abolished," but it was a vain and futile direction which abolished only the name, the substance is inherent in the nature of litigation and cannot be destroyed by the reforming panacea for imaginary ills, of calling things essentially different by the same name. Some glimmering of this fact seems to have entered the mind of the legislature in passing the act. The general intent undoubtedly was, badly as it was carried out, to simplify and make the pleadings more direct, so that each side should know the exact point of controversy raised by the other. The general issue on a promissory note meant in plain terms that defendant never promised to pay. But if plaintiff came to trial prepared to prove the promise, and was there met by an admission of the promise by the signature but a denial of any promise within six years, he was at an unfair disadvantage by a defense of which he had no notice. To prevent this injustice the act expressly retained special pleading as to the statute of limitations.

Both on the general principles of pleading, therefore, and on the express provisions of the procedure act, the court below was in error in sustaining the defense of the statute of limitations on a demurrer.

It was even more pronounced error to sustain the demurrer to the amended statement. That statement having been allowed and filed was the only one before the court, and it set up a good cause of action even under the erroneous view of the court in requiring it. The inconsistency with the first

statement was purely formal and theoretical.    A promise—in words—to pay, and a refusal—in fact—to do so are not practically inconsistent, and unfortunately not unknown in common experience.    But even if the inconsistency had been substantial and had appeared on the face of the amended statement it was not demurrable.    Neither declarations nor pleas are required to be consistent.    Nothing could be less so than non assumpsit and payment, yet they are allowed to be joined under the statute as well as at common law.    The common counts for goods sold and delivered, and for goods bargained and sold, but refused to be accepted, were nearly always joined, and there is no good reason why they should not both be used now in the same statement.    If the fact of delivery or refusal to accept is the one really in controversy, the plaintiff must be allowed to state his cause of action in both ways or be subject to the risk of failing on the want of correspondence between the allegata and the probata.    The case of Guarantee Trust, etc., Co. v. Farmers', etc., Bank, 202 Pa. 94, has no bearing on this, as that was an action in tort, and by the agreement of parties was decided on the fundamental and controlling question as to when the statute of limitations began to run.

Judgment reversed and demurrer directed to be overruled, with leave to defendant to plead issuably.