## Carter, Appellant, *v.* Vandegrift.

*Practice, municipal court—Sufficient statement of claim—Statute of limitations—Pleadings.*

The statute of limitations, as a defense upon the facts, must be pleaded. It cannot be made by a demurrer which raises only an issue of law. It is not a defense absolute of which the court will take judicial notice on the plaintiff's presentation of the case either in his declaration or at the trial, for if the defendant does not choose to make it it is not part of the case.

Argued December 8, 1919. Appeal, No. 263, Oct. T., 1919, by plaintiff, from judgment of Municipal Court of Philadelphia, Sept. T., 1919, No. 381, making absolute rule for judgment for want of a sufficient statement of claim in the case of J. Morris Carter v. Walter Vandegrift. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Rule for judgment for want of a sufficient statement. The opinion of the Superior Court states the case.

26, (1920).]    Assignment of Error—Opinion of the Court.

The court made absolute the rule.    Plaintiff appealed.

*Error assigned* was the decree of the court.

*Joseph J. Broadhurst,* for appellant, cited: Barclay v. Barclay, 206 Pa. 307; Heath v. Page, 48 Pa. 130; Harold v. People's Mutual Accident Ins. Co., 2 Dist. Rep. 503; Jones v. Moore, 5 Binney 573; Levy v. Cadet, 17 S. & R. 128\*; Woods v. Irwin, 141 Pa. 278; York's App., 110 Pa. 69.

*H. H. Mattman,* for appellee, filed no printed brief.

OPINION BY LINN, J., February 28, 1920:

On September 23, 1919, plaintiff brought assumpsit to recover for services rendered by him as physician and surgeon between October 9, 1909, and September 3, 1910.

The statement of claim averred a balance presently due, though in the copy of the account attached to the statement, the last payment on account appeared to have been made August 9, 1911.

On October 1, 1919, under rule 14 (f) of the rules of the municipal court, defendant moved for judgment for want of a sufficient statement of claim, the alleged insufficiency appearing in the affidavit filed in support of the motion averring, "......that he is informed by his attorney that the said statement of claim filed in said case does not contain a cause of action against him accruing within six years last past......"

That rule provides:

"(f) All defenses heretofore raised by demurrer may be set up in a motion for judgment for want of a sufficient statement, supported by affidavit,......and upon hearing such motion the motion judge may enter judgment for the defendant or make such other order as may be just."

The court made the rule absolute, saying, "......the action for the balance due expired by failure of the plaintiff to institute proceedings as required by the statute of limitations. There is no evidence before the court to show a revival of the claim by an acknowledgment of the defendant orally or otherwise."

The assignments of error challenge that action of the court. No printed argument was filed by appellee, nor have we been referred to any authorities sustaining the order made.

The Act of June 20, 1919, P. L. 515, provides:

"Except as modified by this act or by its own rules duly adopted by a majority of the judges, the practice and procedure in the municipal court shall be the same as the practice and procedure in the Courts of Common Pleas of Philadelphia County as fixed by the acts of assembly heretofore or hereafter enacted."

The Practice Act of 1915, P. L. 483 (Sections 3 and 4) abolished pleas and demurrers and provided that "Questions of law heretofore raised by demurrer shall be raised in the affidavit of defense, as provided in section twenty."

The defense of the statute of limitations was not raised by a demurrer prior to the adoption of the rule of court. "The statute of limitations is a defense upon facts, and must be pleaded. It cannot be made by a demurrer which raises only an issue of law. It is not a defense absolute of which the court will take judicial notice on the plaintiff's presentation of his case, either in his declaration or at the trial, for if the defendant does not chose to make it, it is not a part of the case at all......": Barclay v. Barclay, 206 Pa. 307.

We find no legal insufficiency in the statement of claim. The judgment is reversed and the record remitted to the court below for further proceedings.