## Hoagland v. Mulford.

*W. Logan MacCoy*, for plaintiff; *W. Horace Hepburn, Jr.*, for defendant.

LEWIS, J., June 10, 1929.—The jury returned a verdict of $7100 for the plaintiff in this action for fraud or deceit in connection with the purchase by plaintiff of one hundred shares of stock of the American Chemical Laboratory, Inc., in reliance upon certain representations made by the defendant. We now have before us the defendant's motions. According to the testimony of the plaintiff, the defendant, in November or December of 1921, came to see him regarding the purchase of stock in the American Chemical Laboratory, Inc., of which the defendant was president, and stated "the company was in a flourishing condition, making lots of money, had been paying, and was paying, at that time dividends in the amount of 8 or 10 per cent. per annum on the common stock;" that he relied upon these representations, having no other source of information, and invested $5000 in the company. Accountants then testified that the company had never paid any such dividends, and, indeed, the payments actually made to stockholders were more in the nature of payments to a portion or group of stockholders than they were dividends. It was contended on behalf of the defendant that all stockholders who had paid for their stock in full received dividends, but the fact that many more stockholders received the January, 1921, dividend than the next two dividends, rather precludes the success of such a contention, it being admitted that there were no sales or transfers of stock during the interval. The defendant sought to explain the matter of the dividends by stating that dividends were paid from different bank accounts and certain of the records were lost. All this was left to the jury.

The first contention by the defendant is that the claim of the plaintiff has been barred by the statute of limitations. While the representations were made in November or December of 1921, and the stock purchased in January of 1922, the present proceeding was not instituted until November, 1928. It appears that the plaintiff had theretofore instituted an action of *assumpsit* against defendant, but when it developed at the trial that the money had gone into the company, although its books did not reveal the receipt of such funds, the plaintiff suffered a voluntary non-suit and brought the present action of trespass. Defendant's position regarding the statute of limitations is advanced now for the first time. Although an affidavit of defense was filed, such a defense was not made therein. Nor was it made at any time during the trial. It seems to us, therefore, that, if it is possible for a defendant to waive the defense of the statute of limitations, there has been such a waiver in this case.

The defense of the statute need not be pleaded in the affidavit of defense in order to be taken advantage of; this appears to be sound so far as actions of trespass are concerned. While it is stated in American Products Co. *v.* Refining Co., 275 Pa. 332, that "certain personal defenses must be affirmatively set up and established, otherwise they are treated as waived, so a failure to expressly aver the fact that the suit is barred by the statute of limitations prevents objection to recovery on this ground," this language must be limited to actions of *assumpsit,* which the court under the facts of the case was then discussing. In Fields *v.* Philadelphia Rapid Transit Co., 273 Pa. 282, 286, it is said: "The action was one of trespass, and the only penalty for failure to file an affidavit of defense was to admit the matters especially designated in section 13, Practice Act of May 14, 1915, P. L. 483." In Martin *v.* Pittsburgh Rys. Co., 227 Pa. 18, it is specifically stated that the statute of limitations need not be pleaded in an action of trespass brought under the Act of April 26, 1855, P. L. 309, by a widow to recover for personal injuries to her husband resulting in his death, since the act itself required suit within one year. The court did, however, speak of raising the question at trial. On the other hand, the authorities make it clear that the mere failure to bring an action within the period prescribed by the statute of limitations does not bar the action, but such fact must be set up and relied upon as a defense: Barclay *v.* Barclay, 206 Pa. 307. "If the defendant does not choose to make it, it is not a part of the case at all:" Carter *v.* Vandegrift, 74 Pa. Superior Ct. 26. In Gill's Estate, 268 Pa. 500, we have a case in which the defense was raised too late. The statute was not relied upon as a defense at the audit, and was first suggested upon the filing of exceptions to the adjudication. The Supreme Court stated: "It was then too late." The audit in the Orphans' Court procedure corresponds to the trial in the Common Pleas. It is our opinion that while in an action of trespass the failure to set up the bar of the statute in an affidavit of defense, whether one be filed or not, will not preclude the defense at a subsequent time, yet if the defendant intends to use it as a defense he must present the point at trial. Not having been so presented here, the defense is waived.

The next contention of the defendant is that the statements alleged to have been made by defendant regarding the payment of dividends were immaterial if in fact the company was actually earning money at the stated rate, and, further, that the falsity of the statement regarding the payment of dividends was not established by competent evidence. We find no force in this contention. To substantiate the latter part of the argument, defendant points to the testimony of the accountants that they had received certain letters from stockholders regarding the non-payment of dividends. This was done as a matter of confirmation only. The testimony regarding the financial condition of the company and the payment of dividends was based upon an examination of the books and cash records themselves. No objection to the testimony as to the confirmation by letters from stockholders was made at the time it was given, although there was subsequently a motion to strike it out. The trial judge was of the view that the motion came too late, and in this, upon review, we feel there was no error.

Finally, the defendant argues that the testimony shows that the statements alleged to have been made by the defendant were not the sole inducing cause of plaintiff's purchase of the stock, and that there was no adequate proof of the damage suffered. It is true that plaintiff, in making the investment, was "somewhat influenced" by the fact that his friend Doctor Burd was also a stockholder. On the other hand, our examination of the authorities does not

indicate that misrepresentations, knowingly made, must be the sole inducing cause of the other's action resulting in loss. It is true the representations must be relied upon, and in this case plaintiff categorically stated that he had so relied. In almost everything we do there are many surrounding circumstances which go to influence us in our decisions, but in this case we deem the testimony sufficient in its showing that the plaintiff acted as a result of the picture painted by defendant of the then existing situation so far as the company was concerned. The "sales talk" was given to plaintiff by defendant (this was only inferentially denied by the defendant), and we would not be justified in taking away from plaintiff the benefit of the findings in his favor by the jury on the sole ground that his friend Doctor Burd was also a stockholder and officer of the company in question.

As to the matter of damages, the testimony supports the finding of the jury that plaintiff suffered a loss of the entire amount invested on the faith of defendant's representations. No dividends were ever paid on the stock, and in fact the stock's only worth at the time of its purchase was the possibility that the company might prove a success.

We have examined the other matters raised in connection with defendant's motion for a new trial and have concluded there is no merit in any of them.

And now, June 10, 1929, defendant's motion for judgment *non obstante veredicto* and for a new trial are discharged.