## Ratto v. Pennsylvania Coal Company.

*Francesco Di Fluri*, attorney in fact, for plaintiff.

*H. J. Connolly*, for defendant.

VALENTINE, J., Jan. 2, 1930.—Aniello Di Fluri, an employee of the defendant company, sustained a broken back as the result of an accident in the course of his employment on Oct. 19, 1917. A compensation agreement was

duly entered into between the injured employee and his employer and total disability compensation paid thereunder to Aug. 15, 1919, in the sum of $931.50. Di Fluri died Sept. 1, 1919, as a result of said injuries, and, on May 4, 1920, the defendant paid to Frank or Francesco Di Fluri the balance due under said compensation agreement from Aug. 15, 1919, to Sept. 1, 1919, the date of Di Fluri's death.

On Jan. 20, 1921, a claim petition was filed which purported to have been signed and sworn to by the widow and children of the decedent and which contained a note that "dependents are represented by Frank Di Fluri in care of N. Ciotola, 13 E. Diamond street, Hazleton, Pa." To this petition defendant filed its answer, averring, *inter alia:*

"The defendant further questions the legality of this petition, as it does not bear the signature of any one of the dependents, although purporting to be sworn to before a notary public. The statement that the alleged dependents are represented by Frank Di Fluri is insufficient.

"That there is no proof of the existence of any dependents of Aniello Di Fluri, deceased, and that the present petition is insufficient to establish a claim or any right to compensation in behalf of the alleged dependents."

Apparently, nothing further was done until April 26, 1928, when letters rogatory were issued, and defendant, asserting that its action was "without prejudice to its right to raise any and all legal and proper objections to the proceedings," propounded cross-interrogatories.

At the hearing before the referee on May 8, 1929, the letters rogatory and the answers to the interrogatories were offered in evidence, whereupon the defendant objected to their admission and "to any and all proceedings under the petition upon which these proceedings are based, for the reason that the petition in the first place is irregular in that it was not filed by any one in authority to file it for any dependent or alleged dependent, or any one who might be entitled to compensation, because of the death of decedent," and, "furthermore, the petition was filed after the time required for the filing of such petition by the Workmen's Compensation Act, and is, therefore, barred."

On June 20, 1929, the referee disallowed compensation on the ground that the claim petition was filed more than one year subsequent to the death of the employee, and on appeal by claimant, the Workmen's Compensation Board affirmed the action of the referee, whereupon an appeal to this court was taken by "Francesco Di Fluri, attorney in fact, and Armando Salatti, Royal Italian vice-consul, in charge of the Royal Italian Consulate General, legal and official representative of the dependents of Aniello Di Fluri, deceased."

The claim petition was not amended nor was there any formal intervention by the Royal Italian Consul, but we will treat the appeal as being in proper form, as the referee found that the widow had constituted and appointed "Francesco Di Fluri as her attorney in fact with full power to represent her in all matters whatsoever," and the record contains a power of attorney executed by her on June 16, 1920.

Complaint is now made that the disallowance of compensation was improper in that defendant had not raised the defense of the statute of limitations in its answer, and that by filing cross-interrogatories it became estopped from invoking the defense of the statute.

Did the defendant properly avail itself of the defense of the statute of limitations? The answer did not aver that the petition had been filed too late and that the claim was barred by the statute. The compensation act is silent as to the manner in which such defense should be raised, but section 315 of the act provides:

"In cases of death all claims for compensation shall be forever barred unless within one year after the death . . . one of the parties shall have filed a petition as provided in article four hereof."

The manner in which this defense should be raised was recently considered by Judge Coughlin in the case of Callahan v. Lehigh & Wilkes-Barre Coal Co., No. 2056, October Term, 1928, in which he well said:

"It has been held as to the statute of limitations generally, that it is a personal privilege which will avail a defendant as a defense if the defendant sees fit to raise it. It is not a defense absolute of which the court will take judicial notice: Barclay v. Barclay, 206 Pa. 307 (1903). It may, therefore, be waived, and under certain circumstances failure to plead it will constitute a waiver.

"Subsequent to the Act of May 25, 1887, P. L. 271, failure to plead the statute in an action of trespass did not prevent it being raised, because the Act of 1887 provided that the only plea in trespass should be 'not guilty.' The statute, therefore, did not have to be pleaded, nor would failure to do so waive it: Martin v. Pittsburg Railways Co., 227 Pa. 18 (1910). Although not required to be specifically pleaded in trespass, the defense of the statute had to be raised as such at the trial and appear of record: Martin v. Pittsburg Railways Company, *supra.*

"In *assumpsit,* the Act of 1887 required the bar of the statute of limitations to be pleaded, and if not, there could be no such defense raised: Barclay v. Barclay, *supra;* Carter v. Vandegrift, 74 Pa. Superior Ct. 26 (1920).

"The decisions supporting this principle have been followed to the same effect in reference to the Practice Act of 1915, although there may be some doubt as to their authority in trespass under section 13 of the Act of 1915 when the bar of the statute of limitations is not pleaded and then raised at the trial. See Hartig v. American Ice Co. et al., 290 Pa. 21, 35, and cases cited therein."

In the Callahan case the defendant made no effort to raise the defense of the bar of the statute of limitations until after the testimony had been concluded and the case fully tried and then attempted to do so by communicating with the referee by letter. This was held to have been insufficient, in which ruling we fully concur. In the present case, as in the Callahan case, the answer made no mention of the bar of the statute; but the defendant in filing cross-interrogatories did so "without prejudice to its right to raise any or all legal and proper objections to the proceedings." The claimants made no objection to the defendant submitting cross-interrogatories in such form, and while the letters rogatory were not issued until April 26, 1928, eight and one-half years after decedent's death, and the hearing before the referee not held until May, 1929, the defendant was not responsible for the delay, and when the letters rogatory and interrogatories were offered in evidence, promptly objected to the same on the ground that "the petition was filed after the time required for the filing of such petition by the Workmen's Compensation Act," and was, therefore, barred. This objection was made before any testimony had been taken and before the trial of the case had been entered upon, and we are of the opinion that the defendant was within its right in urging the bar of the statute of limitations at such time; nor can we find in defendant's conduct anything that may properly be regarded as a waiver of the right to urge this defense.

The appeal from the action of the Workmen's Compensation Board is dismissed and the action of the board affirmed.

From Frank P. Slattery, Wilkes-Barre, Pa.