## Brazinski v. Mikatavage

*V. J. Dalton,* for plaintiff.
*J. J. Curran,* for defendant.

HICKS, P. J., April 19, 1937.—On December 2, 1936, plaintiff brought her action for damages for breach of promise of marriage and also to recover loans made by her to defendant at various times, set out in the statement of claim, beginning in October 1932. She avers that mutual promises to marry were made by the parties hereto on July 30, 1934, and that she requested him to perform on November 3, 1936. She further alleges, in paragraph 4, that not only on that day did he expressly refuse to carry out his promise but that he did not and would not at any other time marry her as he had promised.

An affidavit of defense raising questions of law was filed, and the reasons alleged for the insufficiency of the statement are the bar of the statute of June 22, 1935, P. L. 450, sec. 5, and the uncertainty as to the averments of time when the loans were made or the terms thereof.

The affidavit of defense was by its very terms filed under the provisions of section 20 of the Pennsylvania Practice Act of May 14, 1915, P. L. 483, which provides that defendant in the affidavit of defense may raise any question of law, without answering the averments of fact in the statement of claim, which question shall be preliminarily disposed of by the court, rendering such judgment as justice and right may indicate. The purpose of this section was to provide for the raising and determination of controlling questions of law, the decision of which in de-

fendant's favor renders unnecessary a trial of the cause of action, or of one or more of distinct causes of action, set up by plaintiff. The question to be decided is whether, upon the facts averred, the statement of claim shows with certainty that the law will not permit any recovery by plaintiff: Davis et al. v. Investment Land Co., 296 Pa. 449, 452, 453. By section 4 of the act, demurrers were abolished and questions of law theretofore raised by demurrer must now be raised in the affidavit of defense as provided in section 20. Section 3 of the act provides that pleas in abatement, pleas of general issue, payment, payment with leave, set-off, the bar of the statute of limitations, and all other pleas are abolished, and that defenses theretofore raised by these pleas shall be made in the affidavit of defense. And by this is meant not the affidavit of defense raising questions of law under sections 4 and 20, but affidavit of defense to the merits under sections 6, 8, and 12.

The first question for us to decide is whether the bar of the statute of limitations set out in the Act of 1935, supra, sec. 5, may be the basis of a statutory demurrer. This depends upon whether the limitations set out in section 5 destroy the cause of action or whether the time in which the remedy may be pursued is limited.

Section 5 of the Act of 1935, supra, provides:

"All civil causes of action for . . . breach of contract to marry which have heretofore accrued, shall be commenced within sixty days after this act goes into effect, and if not so commenced, shall thereafter be completely barred. All actions for breach of contract, now existing, to marry shall be commenced within sixty days after such breach occurs, and if not so commenced, shall thereafter be completely barred."

Contracts existing at the time of the passage of the act, June 22, 1935, or causes of action which had theretofore accrued were expressly saved by section 2 of the act. It is therefore apparent that as to contracts to marry and as to causes of action for breach of such contracts

existing at the time of the passage of the said act, the limitations prescribed by section 5 merely apply to the remedy; the claim remains. As to such, the right of action is not taken away unless asserted in accordance with the provisions of the statute. It is not a statute of repose. The legislative intent disclosed in section 5 is that it shall operate merely as a technical statute of limitation as to such contracts and causes of action, based upon presumption and affecting only the remedy and not the right, as, for instance, in an action of assumpsit, where the statute applies only to the remedy and the claim remains and may be revived by a new promise: Ratto et al. v. Pennsylvania Coal Co., 102 Pa. Superior Ct. 242, 245.

Section 5 presupposes a substantive right of action for breach of the contract to marry existing at the time of the passage of the act and for the subsequent breach of any contract then existing. Such cause of action was a common-law liability for breach of a marriage contract: 4 R. C. L. 143, sec. 1; and was not the assertion of a right of purely statutory origin. This is important because if section 5, as to the pertinent contracts and causes of action, provides for a technical statute of limitations, as we hold it does, then the statute must be specially pleaded in the affidavit of defense under section 12 of the Practice Act and cannot be raised in an affidavit of defense raising questions of law: Ratto et al. v. Pennsylvania Coal Co., supra, pp. 245, 246, 247. The reason for the rule requiring technical statutes of limitation to be pleaded, and for the exception thereto, is thus stated in 17 R. C. L. 988, sec. 367:

"The reason for this rule lies in the fact that statutes of limitation presuppose an established substantive right, but forbid the plaintiff from enforcing it by the customary remedies. Therefore, the statute is a weapon of defense, and ordinarily must be pleaded and relied on by the defendant. Yet the necessity of pleading the statute of limitations applies only to cases where the remedy alone is taken away, and in which the defense is by way of con-

fession and avoidance and does not apply where the right and title to the thing is extinguished and gone, and the defense is by denial of that right."

We hold that under the Practice Act the defense of the statute of limitations to an action in assumpsit must be made in the affidavit of defense: Peabody v. Carr et al., 313 Pa. 325; under section 12 of the act, and must be affirmatively set up therein, otherwise it is treated as waived: Commonwealth, to use, v. Keller et al., 106 Pa. Superior Ct. 458, 462. The statute of limitations is a defense upon facts, and must be pleaded. It could not, before the Act of 1915, be made by a demurrer and cannot now by a statutory demurrer under section 20, because both raise only an issue of law. It is not a defense absolute of which the court will take judicial notice on plaintiff's presentation of his case, either in his statement or at the trial, for if defendant does not choose to make it it is not a part of the case at all. And the only way defendant could make it, prior to the Practice Act of 1915, was by plea. Section 3 of the act recognized this when it expressly, inter alia, abolished the plea of the statute of limitations and provided it should be raised in the affidavit of defense: See Barclay v. Barclay, 206 Pa. 307, 310, 311; Carter v. Vandegrift, 74 Pa. Superior Ct. 26, 28; Peabody v. Carr et al., supra, pp. 325, 326, 327.

"Prior to the passage of the Act of 1915, it was held that the question, as to whether or not a plaintiff's claim was barred by the statute of limitations, could not be raised by demurrer (Heath v. Page, 48 Pa. 130; Barclay v. Barclay, 206 Pa. 307); that act does not add new subjects which can thus be preliminarily decided, but provides only that matters of law, which could theretofore be so raised, must thereafter be alleged in the affidavit of defense, which, in this respect, is simply a statutory demurrer: Hutchinson Baking Company v. Marvel, 270 Pa. 378. For this reason the Superior Court correctly decided, in a suit commenced since the passage of the act, that it would not be dismissed, as a matter of law, because

the record showed it was begun after the period fixed by the statute: Carter v. Vandegrift, 74 Pa. Superior Ct. 26": Prettyman v. Irwin, 273 Pa. 522, 525; Mason-Heflin Coal Co. v. Currie et al., 270 Pa. 221, 223; First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485, 489; Am. Products Co. v. Refining Co., 275 Pa. 332, 335.

"It is the undoubted rule that the statute of limitations must be pleaded in bar of a claim. It is not a defense of which the court will take judicial notice, nor will a demurrer to a statement, or question of law in lieu of a demurrer, be sustained because the statement, on its face, shows a claim over six years old": Eshenbaugh's Estate, 114 Pa. Superior Ct. 341, 347; Swaney v. Georges Township Road Dist. et al., 309 Pa. 385, 387.

This court, in Gordon Ice Co. v. Reading Co., 12 D. & C. 130, 132, per Houck, J., held:

"Whether a claim or a portion of a claim is barred by the statute of limitations cannot be raised in an affidavit of defense so as to entitle the court to decide it as a preliminary question of law: Prettyman v. Irwin, 273 Pa. 522. This is an affirmative defense and may be interposed in the proper way and at the proper time. It cannot be raised in an affidavit of defense raising questions of law."

Hence the first reason urged as the basis of the statutory demurrer must be overruled. The bar of the statute must be pleaded as a matter of defense in the affidavit of defense.

As to the second reason, insufficient averments as to the terms of the loans and their repayment, it is enough to say that this should have been the subject of a motion for more specific statement or to strike it off for failure to comply with the requirements of the Practice Act.

And now, April 19, 1937, the affidavit of defense raising questions of law is overruled and defendant is allowed 15 days from this date to file a supplemental affidavit of defense to the merits if desired.

And now, April 19, 1937, upon motion of counsel for the defendant, an exception is allowed and bill sealed.

From G. Harold Watkins, Frackville.