Birdsall et al., Appellants, *v.* Wilbur.


Argued January 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

70

*Edw. L. F. Clarke,* with him *G. Harmon Webb,* of *Clarke & Webb, U. S. Koons* and *H. J. Makiver,* for appellant.

*George P. Orlady,* with him *George T. Butler,* for appellee.

PER CURIAM, January 31, 1938:

The question propounded in this appeal, whether, in pleading the statute of limitations in the affidavit of defense, defendant's failure to caption the new matter as prescribed, and to move plaintiff to reply specifically to it, prevents the statute from being raised in the defense at the trial, has been fully answered by *Isaac et al. v. Donegal and Conoy Mutual Fire Ins. Co.,* 301 Pa. 351, at 356. The statute of limitations must be specifically pleaded. It is not a matter of which the court will take judicial notice from the facts contained in the plaintiff's statement of claim: *Barclay v. Barclay,* 206 Pa. 307; *Carter v. Vandegrift,* 74 Pa. Super. Ct. 26. But, defendant having pleaded the statute of limitations as a defense and set it up at trial, the burden was then on plaintiff to raise the issue of its applicability: *Reading Co. v. E. J. Keller Co., Inc.,* 100 Pa. Super. Ct. 579.

Judgment affirmed.