## Reich v. Zeigler et al.

*A. Wernick,* for plaintiff.

*H. M. Barba,* for defendants.

ALESSANDRONI, J., August 8, 1940.—This is an action of assumpsit, which is twofold in its nature. It is alleged that defendants are officers and owners of practically all the capital stock of the Eddington Distilling Company, a Pennsylvania corporation. On May 2, 1939, plaintiff instituted suit against the corporation to recover salary due him as technical director from December 11, 1937, until May 2, 1939, at the rate of $100 per week, which plaintiff claimed was the reasonable value of his services, since no definite amount had been fixed. On February 15, 1940, the jury returned a verdict in favor of plaintiff in the sum of $4,000, and on March 26, 1940, judgment was entered on the said verdict. It is alleged that plaintiff has been advised by the duly-authorized agent of the corporation that it will not further contest the judgment nor will it pay the amount thereof, as it has no assets to do so. Plaintiff then averred that this action is instituted against the shareholders of the corporation to recover the said $4,000 due to plaintiff as salary for services, under the provisions of section 514 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended by section 1 of the Act of July 17, 1935, P. L. 1123, 15 PS §2852-514. It is also averred that the value of the shares of the corporation owned by each of the defendants is more than the amount of the salary due plaintiff from the said corporation.

This constitutes one of the causes of action contained in the statement of claim. The affidavit raising questions

of law raises the following objections in respect to this portion of the claim: In the first place, it is contended that section 514 of the Business Corporation Law of 1933, as amended, supra, requires the joinder of the corporation as party defendant. Plaintiff contends that such joinder is permissive and not mandatory, and that, furthermore, he has already secured a judgment against the said corporation based upon this claim. Plaintiff has also filed a petition for leave to issue a writ of alias summons to add the corporation as a party defendant. Although the word "may" is used in section 514 with reference to the joinder of parties defendant, it would appear that the clear intent of this provision imposing liability upon shareholders is that one action against both the corporation and the shareholders be instituted. The determination of this question, however, is not necessary by reason of the other objections which will be discussed.

The second objection is that the statement of claim fails to set forth a cause of action in that the plaintiff has failed to bring himself within the statutory provisions. It is provided in section 514 of the Business Corporation Law of 1933 that every shareholder shall be personally liable in an amount equal to the value of the shares of the corporation owned by him, but no shareholder shall be so liable unless suit for the collection of such salaries and wages shall be brought against him within six months after the same shall become due. The statement of claim indicates that the claim for wages covers a period from December 11, 1937, to May 2, 1939, and this action was not instituted until April 1, 1940. Plaintiff contends that the limitation upon the action against shareholders is six months from the date on which it was found that recovery could not be obtained against the corporation, the party primarily liable. This ingenious argument cannot prevail in the face of the express words of the statute, and the term "within six months after the same [salary and wages] shall become due" can have only one possible meaning; namely, that the limitation begins to run on the

day that the salary or wage is due and payable and no payment is made.

Plaintiff then contends that this is a statute of limitations and that it cannot be raised by an affidavit of defense raising questions of law, but must be affirmatively stated by way of defense: Birdsall et al. v. Wilbur, 329 Pa. 69. See also Prettyman v. Irwin, 273 Pa. 522, and Barclay v. Barclay, 206 Pa. 307. This rule of pleading, however, refers to the statute of limitations of personal actions. Although all time limitations have been loosely referred to as statutes of limitation, there is a clear distinction between a time limitation which merely applies to the remedy, in which the claim remains and may be revived by a new promise, and those in which there is no right of action unless the claim is asserted in accordance with the provisions of the statute. Where the limitation qualifies the granting of a substantive right by conditions as to time within which the action to enforce it may be maintained, no right of action arises unless the conditions are complied with, and the failure to do so can be raised by an affidavit of defense raising questions of law. In such a case time is made the essence of the right created, and the limitation is an inherent part of the statute under which the right arises, so that there can be no right of action whatever independent of the limitations. Section 315 of The Workmen's Compensation Act of June 2, 1915, P. L. 736, 77 PS §602, is an example of special statutory limitation qualifying a given right, and requires that all claims for compensation be barred unless asserted within one year after the accident. See Demmel v. Dilworth Co. et al., 136 Pa. Superior Ct. 37, and Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38.

In Pennsylvania this distinction is recognized in those cases which hold that a bare statute of limitations must be pleaded: Prettyman v. Irwin, supra. On the other hand, it is not necessary so to plead in the case of a condition put by the law upon a substantive right given:

Martin v. Pittsburg Rys. Co., 227 Pa. 18; First Pool Gas Coal Co. v. Wheeler Run Coal Co. et al., 301 Pa. 485.

The third objection is that the statement of claim fails to aver the amount of stock specifically owned by each defendant. The liability of each shareholder is limited to an amount equal to the value of the shares owned by him. The term "value", it is provided by the act, shall mean in the case of shares with par value the aggregate par value of such shares; and in the case of shares without par value, the consideration received by the corporation upon the original issue of such shares. Not only does plaintiff fail to aver the amount of stock specifically owned by each defendant, but also fails to aver whether the shares of the corporation were of par value or of no par value: see Blair, etc., v. The Kingston Mfg. Co. et al., 23 Dist. R. 1091.

Plaintiff further contends that a waiver of any limitation has been pleaded in paragraph 18 of the statement of claim, wherein it is averred that between December 11, 1937, and May 2, 1939, defendants orally assured plaintiff that he would receive from them the reasonable value of his services as soon as the corporation received substantial sums of money, and that during the first two weeks of February 1940, and in the middle of March 1940, defendants again orally offered to pay plaintiff the reasonable value of his services rendered by him to the corporation, and further agreed to pay him the entire amount over a period of several years if he would resume his services as technical director at a salary of $40 a week. Without discussing the possibility of a waiver of a time limitation such as that contained in this section of the Business Corporation Law, the contention must be dismissed, since it is not averred that plaintiff accepted the condition annexed to the offer and agreed to return as technical director at the sum of $40 per week.

For the foregoing reasons the claim asserted against defendants to impose liability upon them as shareholders under section 514 must be dismissed. Since the joinder of

the corporation as party defendant cannot cure the defects, the petition for leave to issue an alias summons must also be dismissed. . . .

And now, to wit, August 8, 1940, defendants' affidavit of defense, raising questions of law, is sustained; plaintiff's petition to issue a writ of alias summons to add a necessary defendant is dismissed.