## Johnson v. Shive

*Martin H. Philip*, for plaintiff.
*William A. Steckel*, for defendant.

DIEFENDERFER, J., August 22, 1949.—Plaintiff, Jane R. Johnson, instituted suit against defendant, James H. Roberts, on a note of $1,700, dated July 14, 1933, in favor of the Citizens National Bank of Slatington, Slatington, Pa. The note was assigned by the Citizens

National Bank of Slatington to plaintiff on November 19, 1948, and plaintiff instituted suit January 15, 1949. Defendant, James H. Roberts, died after the institution of suit and Doris Shive was substituted as executrix for defendant.

Defendant filed an answer admitting the execution of the endorsement on the note and setting up under the title "new matter" the defense of the statute of limitations.

Counsel stipulated that the case should be tried without jury and May 9, 1949, was set as the date for the hearing. At the hearing plaintiff introduced no evidence to show payment or acknowledgement of the debt within six years prior to the institution of the suit. A photostatic copy of the original note was admitted and plaintiff rested. Both parties moved for judgment. There was no testimony or evidence introduced by defendant.

### Findings of Fact

1. Plaintiff is Jane R. Johnson and defendant is Doris Shive, executrix of the estate of James H. Roberts, deceased, who died February 14, 1949.

2. A promissory note was executed by Mabelle Roberts on July 14, 1933, in favor of the Citizens National Bank of Slatington in the amount of $1,700 which note was endorsed by James H. Roberts, the husband of the maker of the note.

3. The note was assigned to Jane R. Johnson, plaintiff, by assignment dated November 19, 1948.

4. Defendant pleaded the statute of limitations in her answer and alleged under the caption of new matter that the note is barred by the statute of limitations.

### Question Involved

In an action on a promissory note which shows no payments on account within six years, and where the answer and the new matter set up the statute of limi-

tations as a defense, who has the burden of showing that the statute of limitations is or is not applicable?

## Discussion

It is a well recognized fact that the statute of limitations must be specifically pleaded. It is not a matter of which the court will take judicial notice from the facts contained in plaintiffs' statement of claim: Barclay v. Barclay, 206 Pa. 307. However, in the instant case, defendant did plead the statute of limitations and set it up under the caption of new matter. The burden was then shifted upon plaintiff to raise the issue of its applicability: Birdsall et al. v. Wilbur, 329 Pa. 69; Reading Co. v. E. J. Keller, Inc., 100 Pa. Superior Ct. 579; McPhilomy v. Lister, Exrx., 341 Pa. 250.

In this latter case the action was brought by plaintiff against the executrix of John E. Lister on 25 different loans and the aggregate due when suit was brought amounted to $7,940, with interest totaling $6,155.33. Defendant denied any knowledge of the existence of the indebtedness and as new matter pleaded the statute of limitations. On trial defendant offered no evidence but asked for binding instructions in her favor. The court refused to direct a verdict and submitted the issue to a jury, which returned a verdict for $5,000 for plaintiff. After refusal of motions for a new trial and judgment non obstante veredicto, judgment was entered on the verdict and defendant appealed. The Supreme Court then reversed the lower court and entered judgment for defendant. The Supreme Court said, p. 252:

"Since this action was commenced May 24, 1939, and the Statute of Limitations was pleaded, it was incumbent upon the plaintiff to prove facts sufficient to remove the bar of the Statute".

Defendant in the present case in his affidavit of defense raised the question of the statute of limitations and in addition set it up in the pleadings as new matter. It would, therefore, appear a very simple question that, in accordance with the above cited cases, there can be no other action for this court but to decide in favor of defendant.

There have been no facts proven by plaintiff to remove the bar of the statute. Plaintiff, however, has set up a question as to whether or not defendant, having pleaded the statute of limitations as a defense, should have gone further and "set it up at trial" and having failed to as plaintiff alleges "set it up at trial", plaintiff had no duty to raise the question of its applicability. The case of Quaker City Chocolate and Confectionery Company v. Delhi-Warnock Building Association et al., 357 Pa. 307, presented a case involving the statute of limitations where the defense was raised by means of a demurrer. Both the Barclay and the Birdsall cases were cited therein. However, it did not alter the general principle that if the statute of limitations is pleaded the burden then shifts to plaintiff to raise the issue of its applicability. Therefore, in the light of the Barclay case, the Birdsall case and the Quaker City case above cited, it would appear that defendant is entitled to a judgment.

## Conclusions of Law

1. The statute of limitations was pleaded by defendant as a defense in this matter.

2. Plaintiff did not meet the burden to raise the issue of the applicability of the statute of limitations which burden was shifted to plaintiff.

3. Plaintiff, however, is hereby granted the right to a new trial in order to meet the burden of proof placed upon her in this case.

4. Upon failure of plaintiff to take steps to proceed for a new trial within 60 days from the date hereof, judgment may be entered in favor of defendant.

DIEFENDERFER, J., December 5, 1949.—An action was instituted by plaintiff against defendant upon a promissory note in the sum of $1,700. The case was tried without a jury and after testimony was taken motions were made for a new trial. The court granted a new trial and it is this second trial which is presently before the court.

## Findings of Fact

1. On July 14, 1933, Mrs. Mabelle Roberts executed a promissory note in favor of the Citizens National Bank of Slatington in the sum of $1,700.

2. The promissory note was endorsed by James H. Roberts, husband of Mabelle Roberts.

3. Fifty shares of Penn Trust Company stock were received by the bank as collateral security for this note.

4. The Penn Trust Company is now defunct.

5. On August 26, 1944, Mrs. Roberts died intestate.

6. On January 10, 1947, James H. Roberts, the endorser on the note, presented a check to the Citizens National Bank of Slatington, which check he had received from the liquidating trustee of the defunct Penn Trust Company.

7. The check, in the amount of $175, was payable to his deceased wife, Mabelle Roberts, and was turned over by Mr. Roberts to Frank Marsh, vice president and cashier of the bank with the following remarks:

" 'This belongs to you, to be used on our note.' 'This, I believe, belongs to you, to be used on our note.' I think those are his words."

## Questions Involved

1. Did the statements made by James H. Roberts on January 10, 1947, when he stated to the cashier of the

bank at the time he handed him a check payable to his deceased wife: "This belongs to you, to be used on our note", acknowledge his debt so as to toll the running of the statute of limitations?

2. Did James H. Roberts, the endorser, have a sufficient interest in the check to apply it as his property and as a payment on account of the debt?

## Discussion

The court permitted the check to be admitted in evidence to explain the notation and credit marked on the back of the note itself. Plaintiff, however, has not connected the ownership nor the property right of defendant in it to the check itself. This check must speak for itself and shows no connection whatsoever to defendant, James H. Roberts. In addition, Mr. Roberts, when he handed the check to the cashier of the bank said: "This belongs to you. . . ." There was no endorsement by defendant on the check, and, as a matter of fact, the bank endorsed the check as assignee of the stock of Mabelle L. Roberts. "Payments by the maker of a note payable on demand within six years prior to the institution of action thereon will toll the Statute of Limitations as to him, but cannot prevent the endorser from setting up the statute in bar of the suit against him on the endorsement": Bell v. Providence et al., 43 Lack. Jur. 122. (syllabus)

Evidence that payments made during the limitation period were not made on behalf of the accommodation maker on the note with his knowledge or consent and that such accommodation maker did nothing to acknowledge its continued liability, established that suit against the accommodation maker was barred by the six year Statute of Limitations: Dick et al. v. Daylight Garage, Inc., et al., 335 Pa. 224.

Another question arises as to whether or not there was such acknowledgement of the debt by James H.

Roberts that would toll the statute, assuming for the purpose of argument that the presentation of the check was a payment by him. The testimony in the case indicated no disposition on the part of defendant to pay or even to acknowledge the amount due or remaining to be paid particularly as he was an endorser and not maker of the note.

Although the bar of the statute of limitations may be removed by debtor's promise to pay, an acknowledgment of the existence of the debt clear and unequivocal coupled with the express or implied promise to pay is required to toll the statute: Harbaugh's Estate, 320 Pa. 209; McPhilomy v. Lister, 341 Pa. 250.

Evidence in this case indicates at most an admission that there was a debt without a definite, positive identification and without fixing any amount either expressly or by reference. In the case at bar, this was a liquidating dividend and not a check covering income alone: Anthracite Trust Company Case, 154 Pa. Superior Ct. 553.

This being a liquidating dividend, it should be construed as the property of plaintiff's assignor as pledgee of the stock put up as collateral. The pledge survives though the right of action is gone and the deposit of collateral has no effect to prevent the running of the statute against this right: Hartranft's Estate, 153 Pa. 530.

### Conclusions of Law

1. James H. Roberts did not legally acknowledge the debt, thereby reviving it by admitting liability, identifying the amount and the particular instrument.

2. The liquidating check was properly the property of the Citizens National Bank, pledgee of the stock.

3. Crediting the proceeds of a liquidating dividend check against the amount due was not a payment tolling the statute, the check being part of the collateral security.

44

4. Neither defendant, James H. Roberts, nor his estate, is liable upon this note.

Now, December 5, 1949, judgment is hereby entered in favor of defendant with costs assessed upon plaintiff.