## Grazer v. Newman. No. 1

*Richard A. Abbott*, for plaintiff.
*Tallman & Walker*, for defendant.

HENNINGER, P. J., February 14, 1950.—On April 19, 1945, plaintiff broke her ankle on her way to work and was treated by defendant, a physician, until June 6, 1945.

On January 16, 1948, she brought this suit against defendant alleging malpractice in the reduction of the fracture, in failing to continue treatment and in failing to disclose to plaintiff the condition of her ankle, of which she learned only upon hearing testimony before a workman's compensation referee.

On May 18, 1949, plaintiff, in answer to a rule for a more specific statement, filed an amended complaint which averred that the discontinuance of treatment was on June 6, 1945, and the workman's compensation hearing at which plaintiff learned of her condition was on February 5, 1946.

On June 1, 1949, defendant filed an answer denying all counts of malpractice and under new matter raising the defense of the statute of limitations. When no reply was filed thereto, defendant moved for judgment on the pleadings, which motion was placed on an argument list for September 19, 1949, and was then continued to the argument list for November 7, 1949.

Plaintiff's original counsel withdrew on August 22, 1949, and on November 7, 1949, when the case came up for argument, her new counsel moved for leave to file an amended complaint, adding to the count that defendant failed to inform her of her condition, one that "with knowledge of the falsity of his statements and with the intent to deceive and defraud plaintiff", defendant "did represent" that the broken bones were properly reduced and that plaintiff would recover normal use of her left leg.

To the rule to show cause why plaintiff should not be allowed to file an amended complaint, defendant answered that the statute of limitations had run. Defendant now argues that, even if the facts now sought to be pleaded would have tolled the statute until February 5, 1948, a date two weeks after this suit was brought, they may not now be pleaded for the first time over 18 months after the statute, even upon plaintiff's best case, has now clearly run.

If the alleged false representations are intended to explain the failure to bring suit within two years, they should have been pleaded by way of reply to the new matter in defendant's answer: Birdsall et al. v. Wilbur, 329 Pa. 69, 70; Reading Company v. E. J. Keller Co.,

48

Inc., 100 Pa. Superior Ct. 579, 584. If plaintiff contends that she suffered damages by being lulled into security by the alleged false representations, they become a cause of action in themselves and therefore introduce a new cause of action, which cannot be introduced after the statute of limitations has run: Hartley v. Pennsylvania Railroad Company, 318 Pa. 566, 568; Mays v. United Natural Gas Co., 268 Pa. 325, 327.

Plaintiff by her proposed amendment has charged fraud in addition to incompetence and neglect. In our opinion that constitutes a new cause of action. It is hard to understand how she could have failed to bring such statements to the attention of her counsel for incorporation into the original or amended complaint.

Now, February 14, 1950, plaintiff's rule to amend her statement of claim is discharged and defendant's rule for judgment on the present pleadings is reinstated for argument on præcipe of either party.